Pratt, J.
This is an appeal from, a judgment upon dismissal of the complaint, at the close of plaintiff’s case, on the ground of contributory negligence on the part of the plaintiff.
The plaintiff was bound to show, affirmatively, that he was free from .any negligence which contributed to the accident. But this naked legal proposition, when applied to facts upon the trial of a case, is hable to misapprehension. Where the case involves the conduct of an individual under such facts and circumstances as that honest men might differ as to the inference to be drawn, whether the conduct was negligent or not, then it is a matter proper to be submitted to the determination of the jury.
We think' it was a proper question for the jury, in this case, whether the plaintiff was guilty of contributory negligence, and that there was affirmative evidence that plaintiff exercised such care as an ordinary prudent man would have exercised under the circumstances.
At a distance of 199 feet from the track one looking through a vista in the trees may see the track a distance of 500 feet in the direction from which the train was coming. The plaintiff does not remember that he looked through this opening, and neither does it appear exactly where the train was at this time, but it does appear that no signals were given to warn persons of its approach.
At a gate in the fence which it was necessary for the plaintiff to pass through seventy-nine feet from the crossing, he “stopped his team and listened and heard nothing.” At this point the track in both directions cannot be seen by reason of obstructions. He testifies further that he drove on further down a steep decline to the track and heard no warning ’till the horses struck the track and the train was upon him. He says he was startled and tried to urge his horses onward across the track, but the whistle blew and his horses seemed paralyzed and refused to go forward and he then tried to twist them off to one side, but failed and was struck.
The plaintiff did take the precaution to stop his team at a distance of seventy-nine feet from the crossing and listen for an approaching train, and it was for the jury to say whether, under all the circumstances, it was incumbent upon him to do more, and it was also a question for the jury, assuming that he failed to stop and look through the opening *533 in the trees at a distance of 199 feet, whether such failure showed want of due care upon his part.
That he was driving a young and spirited team, the defendant failed to give any signals, and the track was so constructed that the sound of its approach was muffled, were all circumstances bearing upon his conduct proper for the consideration of the jury.
There is no cast iron rule requiring a person to turn his head both ways to see an approaching train, but every person is bound to take every reasonable precaution to avoid injury. If the train cannot by any possibility be seen, it is nonsense to say a party must look, but we may say that some other necessary precautions to avoid danger must be adopted.
A jury might well say that stopping at the gate and_ listening without hearing any train justified the plaintiff in driving towards the track.
Considering the nature of the ground at that place, the obstructions to vision up and down the track, the speed at which the plaintiff and the train were going, a question is presented for a jury whether it was possible for the plaintiff to have seen the train in season to have avoided the collision.
There is no question of law in this case requiring discussion. The non-suit was granted upon the ground that it clearly appeared- the plaintiff was guilty of contributory negligence, and this we think was error.
Judgment reversed, new trial granted, costs to abide event.
Barnard, P. J., concurs.